STATE, Plaintiff-Appellee, v. ROSS, a. k. a. ANTHONY GIANFRANCISCO, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3538.   Decided April 14, 1953.

Frank Franko, Asst. Law Director, Youngstown, for plaintiff-appellee.

D. F. Rendinell, Youngstown, for defendant-appellant.

## OPINION

Per CURIAM.

Defendant was found guilty in the Municipal Court of Youngstown of selling Henry Peron, a state liquor control officer, a "shot" of whiskey after 2:30 A. M. on Sunday, April 1, 1952, at the "Tropics" in Youngstown, Ohio, in violation of §6064-22 GC, paragraph 4, prohibiting the sale of liquor after 2:30 A. M. "on Sunday."

The trial judge entered judgment of conviction and sentenced defendant in accordance with the provisions of §6064-65 GC.

Defendant appealed from that judgment to the court of common pleas on questions of law, which court affirmed the judgment of the municipal court. Defendant appealed to this court on questions of law from the judgment of affirmance of the court of common pleas.

By assignments of error defendant contends that "the judgment of the court is not sustained by sufficient evidence and is manifestly against the weight of the evidence," and "is contrary to law."

Defendant admitted selling the complaining witness a glass of 3.2 beer for ten cents, but contends that the "shot" of whiskey was given to such witness at his request, rather than sold to him, because he was suffering from a cough.

The complaining witness testified that he left seventy-five cents on the counter in payment for such liquor, which he poured into a bottle after it was served to him and retained as evidence against defendant.

Such evidence presented a question of defendant's guilt or innocence to the trier of the fact, whose finding we can not disturb on the grounds that it, and the judgment entered thereon, were not sustained by sufficient evidence nor against the manifest weight of that evidence nor "contrary to law" for the assigned reasons that the complaining witness was guilty of entrapping defendant even though there was a purchase and sale of liquor at the request of the investigating officer.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.